**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/18/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SMALL BUSINESS FINANCE ASSOCIATION,

                Plaintiff,

-against-

CLOTHILDE HEWLETT, solely in her official capacity as Commissioner of the California Department of Financial Protection and Innovation,

                Defendant.

Case No.

---

ORIGINATING MATTER

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
Case No.: 22-cv-08775-RGK-SK

SMALL BUSINESS FINANCE ASSOCIATION,

                Plaintiff,

v.

CLOTHILDE HEWLETT, solely in her official capacity as Commissioner of the California Department of Financial Protection and Innovation,

                Defendant.

# DEFENDANT'S MOTION TO COMPEL THIRD-PARTY FORA TO COMPLY WITH DOCUMENT PRODUCTION SUBPOENA

## I. INTRODUCTION

Plaintiff Small Business Financial Association (SBFA) has a pending lawsuit against the Department in the United States District Court for the Central District of California. It seeks to enjoin the regulations that require commercial financing providers to provide certain uniform disclosures. It contends that the regulations violate its members' First Amendment rights by forcing them to make inaccurate and misleading statements in the form of required disclosures. The Department disagrees and contends that the disclosures are not misleading because they provide assumptions lenders make in providing the disclosures. To assess SBFA's allegations, the Department issued 15 subpoenas to SBFA's individual members across the nation, including Fora. Two weeks passed from the production deadline, and yet, Fora has not even attempted to negotiate with the Department. Fora is not the only member who has been non-responsive to the Department's subpoena, and the Department is currently pursuing multiple enforcement actions against SBFA's members throughout the county. The Department respectfully requests an order compelling Fora to fully comply with the Department's subpoena.

## II. FACTUAL BACKGROUND

On December 2, 2022, Plaintiff SBFA brought an action for declaratory and injunctive relief against Department. SBFA is a trade organization, which consists of online financing providers and brokers who offer sales-based financing, closed-end credit, and/or open-end credit. Pursuant to Senate Bill 1235, the Department promulgated the regulations that require certain uniform disclosures on six types of commercial financing, including the three products SBFA members offer. 10 Cal. Code. Regs. §§ 910, 911, 912, 913, 914, 915, 916. SBFA asserts the regulations violate its members First Amendment rights because they mischaracterize the

financing products its members offer, and thus, compel them to make inaccurate and misleading statements in the form of required disclosures. It further asserts that the regulations are preempted by the Truth in Lending Act and cause confusion to its members' customers.

On June 7, 2023, three months after the discovery commenced, SBFA finally provided its member lists to the Department. (Yoo Decl., ¶3.) SBFA contended that the three members who voluntarily submit to the Department's discovery—Rapid Finance, Forward Financing, and Kapitus—would provide sufficient information and thus, the Department does not need to conduct discovery on the rest of its members. (*Id.*, ¶4.) The Department disagreed. (*Id.*, ¶.) When the negotiations failed, on July 13, 2023, the Department issues 15 subpoenas to SBFA's individual members across the nation including Fora in New York, NY. (*Id.*, ¶5.) The Department sought, among other things, sample contracts for each product the member offered from 2018 to present, disclosures provided per the regulations, and pertinent email communications with its customers to assess SBFA's contention about mischaracterization of the financing products subject to the regulations. (*Id.*, ¶6.) The Department set the production deadline to July 28, 2023. (*Id.*)

On July 13, 2023, the Department issued a subpoena to Fora. (*Id.*, ¶7; **Exhibit A**.) The registered agent for Fora was Arun Coren, a partner at Duane Morris in Los Angeles. (*Id.*, ¶8.) Despite the Department's multiple requests, Duane Morris refused to accept service on behalf of Coren, and Coren did not respond to the Department's email regarding service for a week. (*Id.*) On July 21, 2023, Ian Shelton, another counsel for Fora, contacted counsel for the Department regarding the Department's subpoena, and the same day, counsel for the Department informed him of the upcoming discovery cut-off, which is set for September 13, 2023, and the urgency to obtain the requested documents. (*Id.*, ¶9.)

Counsel for the Department also provided a modified subpoena where the Department voluntarily withdrew four requests to aid the subpoenaed party. (*Id.*; **Exhibit B**.) On July 28, 2023, counsel for Fora served objections without producing any documents. (*Id.*, ¶10.) On August 1, 2023, counsel for the Department offered to further reduce the scope of the requests and proposed certain email search terms with limited search periods. (*Id.*, ¶11.) Counsel for the Department asked counsel for Fora to prioritize production of sample contracts and disclosures for each product Fora has offered from 2018 to the present and to provide the total number of contracts Fora signed in California after the regulations took effect in December 2022. (*Id.*) On August 4, 2023, counsel for Fora replied stating that his client would produce sample contracts and disclosures and provide the number of contract later. (*Id.*, ¶12.) A week passed by, and counsel for Fora did not produce any documents. (*Id.*, ¶13.) Accordingly, on August 11, 2023, counsel for the Department reminded him of the upcoming discovery cut-off and notified that the Department would move to compel. (*Id.*, ¶14.) Counsel for Fora then replied to Counsel for Department and promised to produce certain documents. (*Id.*, ¶15.) Later that day, counsel for the Department received some documents from Fora, which turned out to be not relevant. (*Id.*) The financing products at issue in the underlying action are Sales-Based Financing and Open-End Credit. Fora's website indicates that it offers Sale-Based Financing products. (*Id.*) The produced documents from Fora, however, did not contain any sample contract for Sale-Based Financing and they were all sample contracts for Close-End Credit, which is not a product at issue. (*Id.*; **Exhibit C**.)

### III.   ARGUMENT

#### A.   The Discovery to SBFA's Members Is Crucial for the Department's Defense.

The documents requested by the Department under the subpoena are crucial to establish that SBFA lacks associational standing and that its claim of customer confusion is unfounded.  Rule 45 permits parties to command a non-party to produce documents.  Fed. R. Civ. P. 45(a).  The scope of discovery under Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1).  Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970) ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules.") Rule 26(b)(1) provides broad and liberal discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. of Civ. P. 26(b)(1).

The Department contends that SBFA lacks associational standing.  One of the elements of associational standing is that neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *United Food & Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 553 (1996).  SBFA seeks to invalidate various disclosure requirements, including but not limited to disclosures for estimated annual percentage, estimated total payment amount, estimated payment, prepayment, true-ups, and estimated term.  The Department has reviewed sample contracts produced by Rapid, Forward, and Kapitus, and the review shows that there are no two identical contracts and that the providers are free to add or remove terms as they see fit. (Yoo Decl., ¶16.)  When there is not enough uniformity or commonality between various contracts SBFA members use, it threatens SBFA's associational standing because granting the relief it seeks would benefit some members but not others. For example, SBFA claims that true-up disclosure requirement under the

5

regulations is invalid because it is not possible for a lender to provide dates and amounts of true-ups and related payments. (Dkt No. 1: Complaint, p. 14:13-15.) A true-up is an adjustment made post-payment to account for any difference between the actual payment made and the payment the borrower is required to make. But for those members who do not offer a true-up, such as Rapid, invalidating a disclosure requirement for true-ups does not inure any benefit to them. Likewise, for those who offer prepayment rights, such as Forward, the required disclosure for prepayment does not compel them to make an inaccurate statement. While sample contracts SBFA produced provide some evidence to show SBFA's lack of standing, they do not offer enough of the otherwise available information to assess all of SBFA's claims, and thus, the Department needs to conduct discovery on individual SBFA's members to adequately assess SBFA's claims and to show that SBFA lacks standing on all of its claims.

Moreover, discovery to individual members is necessary to show that SBFA's claim of consumer confusion is unfounded. SBFA alleges that the regulations cause confusion to its members' customers, and in opposing the Department's motion to dismiss, SBFA explicitly asserted that the Department "is asking the Court to resolve factual disputes regarding how a recipient of the disclosures would interpret them." (Dkt. No. 19: SBFA's Opp., p. 9:9-10.) SBFA, however, refuses to disclose even a representative sample (about 25%) of actual recipients of the required disclosures or any customers who were allegedly confused by the regulations.[1] (Yoo Decl., ¶17.) SBFA claims it cannot require its members to provide any documents. (Yoo Decl., ¶18.) SBFA's powerlessness to

---

[1] Forward Financing, one of the three members of SBFA who voluntarily submitted to the Department's discovery, produced a list of allegedly confused customers, but with incomplete contact information.

obtain information from its members forces the Department to seek information directly from its members.

Therefore, discovery to SBFA's members is crucial to the Department's defense and supports the basis for this motion, as discussed further below

**B.     This Court Should Order Fora to Comply with the Department's Subpoena Because It Has Failed to Meet and Confer in Good Faith.**

This court should compel Fora to comply with the Department's subpoena. After evading service for a week, on July 21, 2023, Fora finally reached out to the Department. (*Id.*, ¶¶7-9.) The Department engaged in meet and confer in good faith and substantially reduced the scope of the subpoena by voluntarily withdrawing four requests and proposing email search terms with limited search periods. (*Id.*, ¶¶9, 11.) In exchange, the Department asked Fora to first produce sample contracts for the past six years for each product it offered along with sample disclosures. (*Id.*, ¶11.) If Fora offered one product, it would require producing six sample contracts plus one sample disclosure made pursuant to the regulations. If Fora offered two products, it would require producing 12 sample contracts with two sample disclosures. For the past two weeks, however, Fora has not produced any responsive document. (*Id.*, ¶15.) It indicated that it would soon produce requested sample contracts, and yet, it took more than a week to do so. (*Id.*, ¶¶12-13.) And when it finally did, they were not relevant contracts because they concerned a financing product that was not at issue in this case. (*Id.*, ¶15.) This shows that Fora did not even try to understand why the Department was seeking documents from Fora.

In its objections dated July 28, 2023, Fora contended that the Department's requests are burdensome. But beyond repeating the word, it does not explain why the requests are burdensome. The Department's initial ask was one sample

contract per product per year, which is far from being burdensome. And yet, Fora did not even attempt to negotiate with the Department.

Compared to Fora's unsubstantiated objections, the Department has a strong interest in obtaining documents from Fora. Fora is registered to do business in California. (*Id.*, ¶19.) Fora is also a California licensed finance lender and subject to the jurisdiction of the Department. (*Id.*) Fora is also subject to the regulations at issue. (*Id.*) A trade group Fora belongs to seeks to overturn the regulations Fora is subject to, and thus, the Department is entitled to obtain documents from Fora as related to the SBFA's allegations. Thus, any burden Fora might have in producing documents is far outweighed by the Department's strong needs to obtain documents from Fora.

Therefore, this Court should issue an order compelling Fora to comply with the Department's subpoena.

## IV. CONCLUSION

For the reasons stated above, the Department respectfully requests that this Court grant the Department's motion to compel against Fora and issue an Order directing Fora to completely and fully respond to the Department's subpoena, dated July 13, 2023.

Dated: August 14, 2023
Los Angeles, California

ROB BONTA
Attorney General of California
LISA W. CHAO
MICHAEL D. GOWE
Supervising Deputy Attorneys General

*s/ Kara Siegel*
Kara Siegel
Rachel Yoo
Deputy Attorneys General

300 South Spring Street, Suite 1702
Los Angeles, CA  90013-1230
(213) 269-6622
Kara.Siegel@doj.ca.gov
Rachel.Yoo@doj.ca.gov

Attorneys for Defendant

---

Not later than **5 PM on Monday, August 21, 2023**, Defendant must serve (1) a copy of the motion to compel compliance with the document subpoenas and (2) the endorsed order and file proof of service on the docket.

Fora's response is due by **August 24, 2023**.

SO ORDERED.

*[signature: Valerie Caproni]*                           08/18/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE